# Exhibit A

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| Philly Auto Center LLC<br>420 W Oak Ln<br>Glenolden, PA 19036 | Karon A SIMMONS<br>5920 Webster St<br>Philadelphia, PA 19143<br>MARK DAVIS<br>5920 Webster Street<br>PHILA, PA 19143 | No.<br>Date 1/11/2022 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 2000.00 |
|---|---|---|---|---|
| 19.52 % | $ 7147.08 | $ 10143.00 | $ 17290.08 | $ 19290.08 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $ 240.14 | Monthly, Beginning 02/10/22 |
|  | $ |  |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not received in full within 10 days after it is due, you will pay a late charge. The charge will be 2% of the part of the payment that is late. If the Vehicle is a heavy commercial motor vehicle, the charge will be 4% of the part of the payment that is late.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, breaking the terms of this Contract, any required repayment before the scheduled date, and prepayment refunds and penalties.

**Buyer Restrictions.** If you do not meet this Contract's obligations, you may lose the property that you bought in this sale.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2009 | Buick | Enclave | SUV | 5GAER23D19J131937 | 90102 |

Other:

☐ New
☒ Used
☐ Demo

## Description of Trade-In

N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: _____
_____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the Amount Financed and Finance Charge according to the payment schedule as provided in the *Truth-in-Lending Disclosure* above. The Finance Charge is figured at the Annual Percentage Rate on the unpaid part of the Amount Financed until paid in full. Finance Charges accrue on a daily basis. Each payment will be applied, in any order that we determine, to earned and unpaid Finance Charges, to the unpaid part of the Amount Financed, and to other charges and amounts you owe under this Contract. You agree to pay late charges as provided in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to this Contract's terms.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

**Down Payment.** You also agree to pay or apply to the Total Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

The original document is owned by Western Funding, Inc. and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Jan 11, 2022 02:54:27 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

## Itemization of Amount Financed

| | | | |
|---|---|---|---|
| 1a. | Cash price of motor vehicle | $ | 10999.00 |
| 1b. | Government taxes | $ | N/A |
| 1c. | Accessories and installation | $ | N/A |
| 1d. | Delivery charge | $ | N/A |
| 1e. | Doc Fee | $ | 394.00 |
| 1f. | _____ | $ | N/A |
| 1g. | _____ | $ | N/A |
| 1h. | _____ | $ | N/A |
| 1. | **Total Cash Price of Motor Vehicle** (1a thru 1h) | $ | 11393.00 |
| 2a. | Trade-in allowance | $ | N/A |
| 2b. | Less: Amount owing paid to: _____ | $ | N/A |
| 2c. | **Net Trade-In** (2a minus 2b) | $ | N/A |
| 2d. | Plus cash payment | $ | 2000.00 |
| 2e. | Plus manufacturer's rebate | $ | N/A |
| 2f. | Plus (Other) _____ | $ | N/A |
| 2. | **Total Down Payment** (if negative, enter $0 and see 4a.) | $ | 2000.00 |
| 3. | **Unpaid Cash Price Balance** (1 minus 2) | $ | 9393.00 |
| 4a. | Prior credit or lease balance payment on Trade-in (paid to same as 2b.) | $ | _____ |
| 4b. | Insurance premiums paid to insurance company(ies) | $ | N/A |
| 4c. | Paid to Public Officials (incl. filing fees) | $ | N/A |
| 4d. | (Optional) Service Contract paid to: _____ | $ | N/A |
| 4e. | (Optional) Service Contract paid to: _____ | $ | N/A |
| 4f. | Optional Gap Waiver (Debt Cancellation) paid to Seller | $ | 750.00 |
| 4g. | _____ pd to _____ | $ | N/A |
| 4h. | _____ pd to _____ | $ | N/A |
| 4i. | _____ pd to _____ | $ | N/A |
| 4j. | _____ pd to _____ | $ | N/A |
| 4k. | _____ pd to _____ | $ | N/A |
| 4l. | _____ pd to _____ | $ | N/A |
| 4m. | _____ pd to _____ | $ | N/A |
| 4n. | _____ pd to _____ | $ | N/A |
| 4o. | _____ pd to _____ | $ | N/A |
| 4p. | _____ pd to _____ | $ | N/A |
| 4. | **Total Other Charges and Amounts Paid to Others on Your Behalf** (4a thru 4p) | $ | 750.00 |
| 5. | **Amount Financed** (3 + 4) | $ | 10143.00 |
| 6. | **Finance Charge** | $ | 7147.08 |
| 7. | **Time Balance** (5 + 6) | $ | 17290.08 |

**We may retain or receive a portion of any amount paid to others.**

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life insurance and credit disability insurance are not required to obtain credit and are not a factor in the credit decision. In general, if you die, credit life insurance pays the unpaid part of the amount financed, assuming you made all payments on time. In general, credit disability insurance pays the scheduled payments due under this Contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. The policies or certificates issued by the named insurance companies may further limit the coverage that credit life or credit disability insurance provides. You will not receive credit life insurance and credit disability insurance unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single    ☐ Joint    ☒ None
Premium $ N/A _____ Term _____
Insured _____

**Credit Disability**
☐ Single    ☐ Joint    ☒ None
Premium $ N/A _____ Term _____
Insured _____
You want the credit insurance coverages indicated.

N/A
By: _____ DOB

N/A
By: _____ DOB

N/A
By: _____ DOB

**Property Insurance.** In general, property insurance pays for the repair or replacement of the Property if it is damaged, destroyed, or stolen. See the policies or certificates for coverage limits and other terms and conditions. You must insure the Property securing this Contract. You may provide the insurance through existing policies. You may also provide the insurance by purchasing it through any insurance company allowed by law to do business in Pennsylvania or in the state in which the Vehicle is registered and titled. The deductible amount for the insurance may not exceed $ N/A _____. If you get insurance from or through us you will pay $ N/A _____ for 0 months of coverage.

This property insurance premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov.    $ N/A
☐ $ N/A Deductible, Comprehensive    $ N/A
☐ Fire-Theft and Combined Additional Cov.    $ N/A
☐ _____    $ N/A

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

The property insurance must protect against loss and physical damage. You must name us as beneficiary on the insurance policy. We may require additional security before we allow you to use insurance proceeds to repair or replace the Property. You will pay all amounts that insurance does not cover.

If you fail to obtain or keep insurance or to name us as beneficiary, we may obtain insurance to protect your interest and our interest in the Property. We will add the cost of insurance to the amount you owe us. Any amount we pay for insurance is due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

The original document is owned by Western Funding, Inc. and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Jan 11, 2022 02:54:27 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.
Case 25-12569-djb    Doc 17-1    Filed 09/05/25    Entered 09/05/25 10:11:34    Desc
Exhibit - Contract   Title   Valuation and Payment History    Page 4 of 18

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term _____
Price $ N/A
Coverage _____

☒ **Optional Gap Waiver (Debt Cancellation)**
Term  72 months
Price $ 750.00
Coverage _____

☐
Term _____
Price $ N/A
Coverage _____

eSigned By:
*Karon SIMMONS*
Jan 11, 2022 2:50:24 PM PST        1/11/2022
By: Karon A SIMMONS                Date

eSigned By:
*MARK DAVIS*
Jan 11, 2022 2:53:36 PM PST        1/11/2022
By: MARK DAVIS                     Date

By: _____        Date

## Additional Terms of the Sales Agreement

**Definitions.** "*Contract*" refers to this Retail Installment Contract and Security Agreement. The pronouns "*you*" and "*your*" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "*we*", "*us*" and "*our*" refer to the Seller and any entity to which it may transfer this Contract. "*Vehicle*" means each motor vehicle described in the *Description of Property* section. "*Property*" means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections. "*Heavy commercial motor vehicle*" means a new or used motor vehicle (other than a recreational vehicle) that is a truck or truck tractor having a manufacturer's gross vehicular weight of 13,000 pounds or more, or a semitrailer or trailer designed for use in combination with a truck or truck tractor.

**Purchase of Property.** You agree to purchase the motor vehicle (Vehicle) and services described in the Description of Property section from Seller. You agree to purchase the Vehicle from us on the terms of this Contract and security agreement (Contract). You understand that we are selling you the Vehicle in its present condition.

**Total Sale Price.** We gave you the opportunity to purchase the Vehicle and described services for the Total Cash Price or the **Total Sale Price**. The **Total Sale Price** is the total price of the Vehicle and any services if you buy them over a period of time. You are purchasing the items over a period of time.

The **Total Sale Price** shown in the **Truth-in-Lending Disclosure** assumes that you will make all payments as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early. This may cause your final payment to be more or less than the scheduled amount, or, at our option, we may require more or fewer payments of the scheduled amount with an adjusted final payment.

We charge and collect finance charges. These charges are not more than state or federal law allows. If you pay a finance charge or fee that is more than state or federal law allows, we will apply the charge or fee first to reduce what you owe and refund any excess to you.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Governing Law and Interpretation.** This Contract is governed by the law of Pennsylvania and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

Any provision that appoints us as an agent is not subject to the provisions of 20 Pa.C.S.A. Section 5601 *et seq.* (Chapter 56; Decedents, Estates and Fiduciaries Code). We, by exercising any of our rights under this Contract, do so for the sole benefit of us.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Breaking the Terms of this Contract.** You agree that the following are additional terms of this Contract. You will have broken the terms of this Contract if you fail to perform any obligation that you have undertaken in this Contract, except as prohibited by law.

If you break any of the terms of this Contract, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. In addition, you agree to pay reasonable attorneys' fees to the extent permitted by law if the Property is taken through legal action.

If there is more than one of you and any one of you breaks any agreement made in this Contract, we may exercise our rights against each of you or all of you.

**Seller's Rights.** If you break any of the terms of this Contract, we have all of the remedies provided by law and this Contract, subject to any opportunity to cure we may offer and you may exercise. Those remedies include:

- We may pay taxes, fees, expenses, or charges on the Property or make repairs to the Property if you have not done so. We are not required to do so. We will add any amount we pay to the amount you owe us, as allowed by law. This amount is due immediately. This amount will earn finance charges from the date we paid it at the rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take back the Property by lawful means. In taking the Property, we may not unlawfully enter onto your premises or cause a public disturbance.
- We may sell the Property. We may apply amounts we receive as provided by law to our reasonable expenses and then to your obligations.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

We may take any or all of the actions described above. Our decision not to take any of the actions does not mean that we have lost the right to take any of the actions in the future.

In addition, we may require you to pay us immediately, the remaining balance of the amount financed, finance charges and all other agreed charges if you do any of the following:

- You fail to pay one or more installment payments under this Contract.
- You fail to pay taxes levied against the Property.
- You fail to furnish proof of payment of taxes levied against the Property.

---

The original document is owned by Western Funding, Inc. and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Jan 11, 2022 02:54:27 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.
Case 25-12569-djb   Doc 17-1   Filed 09/05/25   Entered 09/05/25 10:11:34   Desc
Exhibit - Contract   Title   Valuation and Payment History   Page 5 of 18

- You use the Property for illegal purposes.
- You file for bankruptcy.
- You intentionally provide fraudulent and misleading information on a credit application.

We will mail to your last known address any required notice of intended sale or transfer of the Property. You agree that notice is reasonable if mailed to your last known address, as reflected in our records. You agree that notice mailed 15 days before the intended sale or transfer (or such other period of time required by law) is reasonable.

You agree that we may take personal property left in or on the Property subject to your right to recover the personal property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Buyer's Rights and Duties.** If we have taken back the Property, we may, at our option, return the Property to you if you pay all past due installments, late charges and our costs in retaking the Property, to the extent allowed by law. Your opportunity to get back the Property ends when we sell the Property.

You agree to pay for the costs of a lawsuit allowed by law if we take the Property through legal action. If we retake the Property other than through a lawsuit, you must pay the expenses for taking, repairing, and storing the Property as allowed by law. We may only collect these expenses from you if more than 15 days passed from the day you broke the terms of this Contract to the day we took the Property.

**Statement of Account.** At your request, we will provide you with a statement of your account showing information about your payment history, including the dates and amounts of payments you have made and any other credits and charges to your account. It will also provide information about future payments and any other information required by law. We will provide you with one statement of account free of charge. We may charge you a reasonable fee as allowed by law for any additional statements that you request. You can request, and we will provide, a statement of account at any time until one year after this Contract ends.

**Each and Every Buyer Responsible.** Each of you who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You are responsible for paying amounts owed under this Contract even if another of you has signed this Contract.
- We may hold any of you responsible for paying this Contract, even if we choose to give up our right to hold any other of you responsible.
- We may give up our interest in the Property and each of you is still responsible for paying this Contract.
- If we give up any of our rights, it will not affect your responsibility to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your responsibility to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

**Additional Rights.** If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.

### Security Agreement

**Security.** You give us a security interest in the Vehicle. You also give us a security interest in all attachments, accessories, and equipment installed or placed in or on the Vehicle. We refer to the Vehicle and any items installed or placed in or on the Vehicle as Property. You also give us a security interest in the proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights to the goods within 10 days after we enter into this Contract or the goods are installed in or affixed to the Vehicle. You assign and give a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Buyer's Responsibilities Towards Property.** You agree to the following:

- You will defend our security interest in the Property against anyone who claims to have an interest in the Property. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else. Our claim to the Property comes ahead of the claim of any of your other creditors. You agree to sign any additional documents to provide us with any additional information we may require to protect our security interest in the Property.
- You will keep the Property in your possession and in good condition. You will only use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not put the Property up for sale without written permission from us. You will not transfer any rights in the Property without first getting our written permission.
- You will pay taxes, fees and expenses on the Property when due.
- You will notify us of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. We may lawfully enter and inspect the Property.

**Insurance.** You agree to buy insurance on the Property against risks and for the amounts we reasonably require. In addition:

- You will name us as loss payee on any such policy.
- We may require added security on this Contract if we permit any insurance proceeds to be used to repair or replace the Property.
- If the insurance proceeds do not cover the amounts you still owe us, you will pay the difference.
- You will keep this insurance until all debts secured by this Contract are paid.

If you do not buy, maintain, and arrange to have us named as loss payee, as agreed above, you understand and agree:

- We may purchase insurance to protect your and our interest in the Property.
- The insurance we buy may be from an agent or company you may not choose.
- The insurance will not cover your equity in the Property.
- The premium we pay may be substantially higher than the premium you might be required to pay for the insurance you have agreed to buy on this Contract.

**Optional Gap Waiver (Debt Cancellation).** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Optional Gap Waiver (Debt Cancellation) to cover the gap liability, subject to any conditions and exclusions in the Optional Gap Waiver (Debt Cancellation) agreements.

### Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

- **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

The original document is owned by Western Funding, Inc. and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Jan 11, 2022 02:54:27 PM.

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 ▇▇▇ or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 ▇▇▇ r it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

### Notices

**NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

**Summary Notice - Prepayment, Rebate, Reinstatement and Statement of Account.** You may prepay all or part of the amount you owe under this Contract at any time without penalty. If you prepay, you will only pay finance charges that are earned but unpaid and all other amounts due up to the date of prepayment. Payments we receive for any unearned finance charges will be rebated to you. If you break the terms of this Contract we may take back the vehicle (Property). We may, at our option, allow you to get the Property back before we sell it and continue under this Contract (reinstate). If we allow you to reinstate this Contract, you must pay us all past due amounts, late charges and any costs we incurred in retaking the vehicle to the extent allowed by law. At your request, we will provide you with a statement of account with important information about your payment history and amounts owing.

The original document is owned by Western Funding, Inc. and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Jan 11, 2022 02:54:27 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.
Case 25-12569-djb   Doc 17-1   Filed 09/05/25   Entered 09/05/25 10:11:34   Desc
Exhibit  - Contract   Title   Valuation and Payment History   Page 7 of 18

### Arbitration Provision and Process to Remove

This Contract contains an Arbitration Provision that <u>affects your rights.</u> By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.
By initialing this section, you confirm that you read, understand and agree to the Arbitration Provision in this Contract, including the process to reject it.

Buyer initials: **KS**   **MD**   _____

### Acknowledgment for Electronic Signatures

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

You authorize us to obtain information about you and the Property you are buying from the state motor vehicle department or other motor vehicle registration authorities.

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

eSigned By: *Karon SIMMONS* — Jan 11, 2022 2:50:24 PM PST   1/11/2022
By: Karon A SIMMONS                                         Date

eSigned By: *MARK DAVIS* — Jan 11, 2022 2:53:36 PM PST   1/11/2022
By: MARK DAVIS                                              Date

By: _____                                                Date

---

By signing below, you agree to the terms of this Contract.

**NOTICE TO BUYER.** Do not sign this contract in blank. You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights. Any holder of this consumer credit contract is subject to all claims and defenses which the buyer could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the buyer shall not exceed amounts paid by the buyer hereunder.

Buyer

eSigned By: *Karon SIMMONS* — Jan 11, 2022 2:50:24 PM PST   1/11/2022
By: Karon A SIMMONS                                         Date

eSigned By: *MARK DAVIS* — Jan 11, 2022 2:53:36 PM PST   1/11/2022
By: MARK DAVIS                                              Date

By: _____                                                Date

Seller   Philly Auto Center LLC
eSigned By: *Amran Ajmal* — Jan 11, 2022 2:46:08 PM PST   1/11/2022
By: _____                                                Date

**By signing below, you acknowledge that you received a completely filled-in copy of this Contract and that you had the opportunity to read and review the Contract before you signed it.**

Buyer
eSigned By: *Karon SIMMONS* — Jan 11, 2022 2:50:24 PM PST   1/11/2022
By: Karon A SIMMONS                                         Date

eSigned By: *MARK DAVIS* — Jan 11, 2022 2:53:36 PM PST   1/11/2022
By: MARK DAVIS                                              Date

By: _____                                                Date

Retail Installment Contract-PA   NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015                                   Page 6 of 7

The original document is owned by Western Funding, Inc. and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Jan 11, 2022 02:54:27 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.
Case 25-12569-djb    Doc 17-1    Filed 09/05/25    Entered 09/05/25 10:11:34    Desc
           Exhibit  - Contract   Title   Valuation and Payment History    Page 8 of 18

**Transfer.** This Contract and Security Agreement is transferred to
Western Funding Incorporated
3915 E. Patrick Lane Las Vegas NV 89120                                  ,
the Transferee, phone _____. This transfer is made under the terms of a separate agreement made between the Seller and Transferee.

☐ This Transfer is made    ☒ with legal liability.    ☐ without legal liability.

**Seller** Philly Auto Center LLC

eSigned By:
*Amran Ajmal*
Jan 11, 2022 2:46:08 PM PST

1/11/2022

By:                                                          Date

Retail Installment Contract-PA                 NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING
Bankers Systems TM VMP®
Wolters Kluwer Financial Services © 2015                                                                           Page 7 of 7

The original document is owned by Western Funding, Inc. and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Jan 11, 2022 02:54:27 PM.

# Exhibit B

# COMMONWEALTH OF PENNSYLVANIA
## CERTIFICATE OF TITLE FOR A VEHICLE

FUEL: GAS

| 5GAER23D19J131937 | 2009 | BUICK | TITLE NUMBER |
|---|---|---|---|
| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE OF VEHICLE | |

| SW | DUP | AZ | 1/26/22 | 090102 | |
|---|---|---|---|---|---|
| BODY TYPE | SEAT CAP | PRIOR TITLE STATE | ODOM. PROCD. DATE | ODOM. MILES | ODOM. STATUS |

| 1/26/22 | 1/26/22 | | | | |
|---|---|---|---|---|---|
| DATE PA TITLED | DATE OF ISSUE | UNLADEN WEIGHT | GVWR | GCWR | TITLE BRANDS |

**ODOMETER STATUS**
- 0 = ACTUAL MILEAGE
- 1 = MILEAGE EXCEEDS THE MECHANICAL LIMITS
- 2 = NOT THE ACTUAL MILEAGE
- 3 = NOT THE ACTUAL MILEAGE-ODOMETER TAMPERING VERIFIED
- 4 = EXEMPT FROM ODOMETER DISCLOSURE

**TITLE BRANDS**
- A = ANTIQUE VEHICLE
- C = CLASSIC VEHICLE
- D = COLLECTIBLE VEHICLE
- F = OUT OF COUNTRY
- G = ORIGINALLY MFGD. FOR NON-U.S. DISTRIBUTION
- H = AGRICULTURAL VEHICLE
- L = LOGGING VEHICLE
- P = IS/WAS A POLICE VEHICLE
- R = RECONSTRUCTED
- S = STREET ROD
- T = RECOVERED THEFT VEHICLE
- V = VEHICLE CONTAINS REISSUED VIN
- W = FLOOD VEHICLE
- X = IS/WAS A TAXI

REGISTERED OWNER(S)

KARON A SIMMONS &C MARK
A DAVIS
5920 WEBSTER ST
PHILADELPHIA PA 19143

FIRST LIEN FAVOR OF:

WESTERN FUNDING INC

SECOND LIEN FAVOR OF:

If a second lienholder is listed upon satisfaction of the first lien, the first lienholder must forward this Certificate of Title to the Bureau of Motor Vehicles with the appropriate form and fee.

FIRST LIEN RELEASED _____ DATE

BY _____ AUTHORIZED REPRESENTATIVE

MAILING ADDRESS

WESTERN FUNDING INC
PO BOX 278897
SACRAMENTO CA 95827

SECOND LIEN RELEASED _____ DATE

BY _____ AUTHORIZED REPRESENTATIVE

**pennsylvania**
DEPARTMENT OF TRANSPORTATION

MICHAEL B. CARROLL
Secretary of Transportation

I certify as of the date of issue, the official records of the Pennsylvania Department of Transportation reflect that the person(s) or company named herein is the lawful owner of the said vehicle.

### D. APPLICATION FOR TITLE AND LIEN INFORMATION

TO BE COMPLETED BY PURCHASER WHEN VEHICLE IS SOLD AND THE APPROPRIATE SECTIONS ON THE REVERSE SIDE OF THIS DOCUMENT ARE COMPLETED.

SUBSCRIBED AND SWORN TO BEFORE ME:
MO _____ DAY _____ YEAR _____

If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (on death of one owner, title goes to surviving owner) CHECK HERE ☐. Otherwise, the title will be issued as "Tenants in Common" (on death of one owner, interest of deceased owner goes to his/her heirs or estate).

SIGNATURE OF PERSON ADMINISTERING OATH

IF NO LIEN, CHECK ☐  IS THIS AN ELT? (IF YES, FIN REQUIRED) YES ☐ NO ☐

1ST LIENHOLDER FINANCIAL INSTITUTION NUMBER:

1ST LIENHOLDER NAME

STREET

CITY _____ STATE _____ ZIP _____

STAMP OR SEAL

The undersigned hereby makes application for Certificate of Title to the vehicle described above, subject to the encumbrances and other legal claims set forth here.

IF NO 2ND LIEN, CHECK ☐ IS THIS AN ELT? (IF YES, FIN REQUIRED) YES ☐ NO ☐

2ND LIENHOLDER FINANCIAL INSTITUTION NUMBER:

2ND LIENHOLDER NAME

SIGNATURE OF APPLICANT OR AUTHORIZED SIGNER

STREET

SIGNATURE OF CO-APPLICANT/TITLE OF AUTHORIZED SIGNER

CITY _____ STATE _____ ZIP _____

**STORE IN A SAFE PLACE - IF LOST APPLY FOR A DUPLICATE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE**

# Exhibit C

# JD Power Official Used Car Guide
# Vehicle Valuation

Print Date: August 29, 2025

---

Vehicle Description:  2009 Buick Enclave Utility 4D CXL 3.6L V6
VIN:  5GAER23D19J131937

### Base Values

| | |
|---|---|
| Retail: $ 3000.00 | Wholesale/Trade-in: $ 1825.00 |

### Optional Equipment/Adjustments

| | |
|---|---|
| Estimated Miles: 167500 | $ 0.00 |

### Total Adjusted JD Power Used Car Guide Values

| | |
|---|---|
| Retail: $ 3000.00 | Retail/Wholesale Average: $ 2412.50 |

Reference 08/2025 Eastern

# Exhibit D

# Payment History

## CUSTOMER INFORMATION

| | | |
|---|---|---|
| **Account:** ▮▮▮▮ PA,SI,TRIPLE PAY 1981 | **Address1:** 5920 WEBSTER ST | **Home Phone:** ▮▮▮▮ |
| **Dealer:** ▮▮▮▮ - PHILLY AUTO CENTER | **Address2:** | |
| **Customer:** SIMMONS, KARON | **City State Zip:** PHILADELPHIA, PA 19143 | |

## ACCOUNT INFORMATION

| | | |
|---|---|---|
| **Contract Dt:** 1/11/22 | **Current Bal:** 9,648.86 | **Last Pmt Dt:** 1/27/25 |
| **Active Dt:** 1/13/22 | **Late Chg Bal:** 0.00 | **Next Due Dt:** 5/10/22 |
| **Term:** 72 | **NSF Bal:** 0.00 | **First Due Dt:** 2/10/22 |
| **Paid Term:** 3 | **Other Bal:** 0.00 | **Rate:** 19.52 |
| **Opening Bal:** 10,143.00 | **Total Bal:** 0.00 | **APR:** 19.52 |

## ACCOUNT DETAIL

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 1/13/22 | 1/11/22 | ACTIVE | 0.00 | | NONE INTERNAL | | 0.00 |
| 1/13/22 | 1/11/22 | FND CASH SALES/ ADVANCE AMOUNT | 9,393.00 | | NONE INTERNAL | | 0.00 |
| 1/13/22 | 1/11/22 | FND GAP WAIVER | 750.00 | | NONE INTERNAL | | 0.00 |
| 1/13/22 | 1/11/22 | LOAN RECEIVABLES | 10,143.00 | | NONE INTERNAL | | 10,143.00 |
| 1/21/22 | 1/21/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 10,143.00 |
| 2/10/22 | 2/10/22 | INTEREST ACCRUAL | 162.73 | | NONE INTERNAL | | 10,143.00 |
| 2/10/22 | 2/10/22 | PAYMENT (Y) | 240.14 | ACH | CUSTOMER PAYMENT | ▮▮▮▮ | 10,065.59 |
| | | *- INTEREST BILLED* | *162.73* | | | | |
| | | *- ADV / PRIN BILLED* | *77.41* | | | | |
| 2/18/22 | 2/18/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 10,065.59 |
| 2/21/22 | 2/21/22 | LATE CHARGE | 0.00 | | NONE INTERNAL | | 10,065.59 |

Aug 8, 2025 10:45 AM

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 3/10/22 | 3/10/22 | INTEREST ACCRUAL | 150.72 | | NONE INTERNAL | | 10,065.59 |
| 3/10/22 | 3/10/22 | PAYMENT (Y) | 240.14 | ACH | CUSTOMER PAYMENT | ▮ | 9,976.17 |
| | | *- ADV / PRIN BILLED* | *89.42* | | | | |
| | | *- INTEREST BILLED* | *150.72* | | | | |
| 3/21/22 | 3/21/22 | LATE CHARGE | 0.00 | | NONE INTERNAL | | 9,976.17 |
| 3/21/22 | 3/21/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 9,976.17 |
| 4/12/22 | 4/7/22 | INTEREST ACCRUAL | 149.39 | | NONE INTERNAL | | 9,976.17 |
| 4/12/22 | 4/7/22 | ACCOUNT - ACCRUAL STOP | 0.00 | NONE | | UNDEFINED | 9,976.17 |
| 3/9/23 | 4/7/22 | INTEREST ACCRUAL | 0.00 | | NONE INTERNAL | | 9,976.17 |
| 3/9/23 | 4/7/22 | ACCOUNT - ACCRUAL START | 0.00 | NONE | | UNDEFINED | 9,976.17 |
| 4/10/22 | 4/10/22 | INTEREST ACCRUAL | 16.01 | | NONE INTERNAL | | 9,976.17 |
| 4/10/22 | 4/10/22 | PAYMENT (Y) | 240.14 | ACH | CUSTOMER PAYMENT | ▮ | 9,901.43 |
| | | *- ADV / PRIN BILLED* | *74.74* | | | | |
| | | *- INTEREST BILLED* | *165.40* | | | | |
| 4/20/22 | 4/20/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 9,901.43 |
| 4/21/22 | 4/21/22 | LATE CHARGE | 0.00 | | NONE INTERNAL | | 9,901.43 |
| 5/21/22 | 5/21/22 | LATE CHARGE | 12.01 | | NONE INTERNAL | | 9,901.43 |
| 5/21/22 | 5/21/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 9,901.43 |
| 6/20/22 | 6/20/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 9,901.43 |
| 6/21/22 | 6/21/22 | LATE CHARGE | 12.01 | | NONE INTERNAL | | 9,901.43 |
| 7/13/22 | 7/13/22 | INSURANCE EXPIRED | 0.00 | | NONE INTERNAL | | 9,901.43 |

Aug 8, 2025 10:45 AM

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 7/21/22 | 7/21/22 | LATE CHARGE | 12.01 | | NONE INTERNAL | | 9,901.43 |
| 7/21/22 | 7/21/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 9,901.43 |
| 8/21/22 | 8/21/22 | LATE CHARGE | 12.01 | | NONE INTERNAL | | 9,901.43 |
| 8/21/22 | 8/21/22 | BILL/DUE DATE | 240.14 | | NONE INTERNAL | | 9,901.43 |
| 3/9/23 | 8/31/22 | INTEREST ACCRUAL | 757.22 | | NONE INTERNAL | | 9,901.43 |
| 3/9/23 | 8/31/22 | LATE CHARGE - CHGOFF | 48.04 | | NONE INTERNAL | | 9,901.43 |
| 3/9/23 | 8/31/22 | INTEREST - CHGOFF | 757.22 | | NONE INTERNAL | | 9,901.43 |
| 3/9/23 | 8/31/22 | ADV / PRIN - CHGOFF | 9,901.43 | | NONE INTERNAL | | 0.00 |
| 3/9/23 | 8/31/22 | ACCOUNT - CHARGED OFF | 0.00 | NONE | | UNDEFINED | 0.00 |
| 3/9/23 | 8/31/22 | ACCOUNT - ACCRUAL STOP | 0.00 | NONE | | UNDEFINED | 0.00 |
| 7/29/24 | 7/26/24 | INTEREST ACCRUAL | 0.00 | | NONE INTERNAL | | 0.00 |
| 7/29/24 | 7/26/24 | PAYMENT (Y) - ADV / PRIN - CHGOFF | 268.32 *268.32* | WHOLESALE LOCKBOX | TRUSTEE PAYMENT | ▮ | 0.00 |
| 9/23/24 | 9/20/24 | INTEREST ACCRUAL | 0.00 | | NONE INTERNAL | | 0.00 |
| 9/23/24 | 9/20/24 | PAYMENT (Y) - ADV / PRIN - CHGOFF | 292.95 *292.95* | WHOLESALE LOCKBOX | TRUSTEE PAYMENT | ▮ | 0.00 |
| 12/27/24 | 12/26/24 | INTEREST ACCRUAL | 0.00 | | NONE INTERNAL | | 0.00 |
| 12/27/24 | 12/26/24 | PAYMENT (Y) - ADV / PRIN - CHGOFF | 560.20 *560.20* | WHOLESALE LOCKBOX | TRUSTEE PAYMENT | ▮ | 0.00 |
| 1/28/25 | 1/27/25 | INTEREST ACCRUAL | 0.00 | | NONE INTERNAL | | 0.00 |

Aug 8, 2025 10:45 AM

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 1/28/25 | 1/27/25 | PAYMENT (Y) | 306.36 | WHOLESALE LOCKBOX | TRUSTEE PAYMENT | | 0.00 |
| | | *- ADV / PRIN - CHGOFF* | *306.36* | | | | |
| 6/13/25 | 6/13/25 | REPOSSESSION EXPENSES | 300.00 | | NONE INTERNAL | | 0.00 |
| 6/13/25 | 6/13/25 | REPOSSESSION EXPENSES - CHGOFF | 300.00 | | NONE INTERNAL | | 0.00 |
| 7/1/25 | 7/1/25 | REPOSSESSION EXPENSES | 70.00 | | NONE INTERNAL | | 0.00 |
| 7/1/25 | 7/1/25 | REPOSSESSION EXPENSES - CHGOFF | 70.00 | | NONE INTERNAL | | 0.00 |

Aug 8, 2025 10:45 AM

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 7/1/25 | 7/1/25 | REPOSSESSION EXPENSES - CHGOFF | 70.00 | | NONE INTERNAL | ▮▮▮▮ | 0.00 |

Aug 8, 2025 10:45 AM